IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ERIC KYLES, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 08-3223-CV-S-ODS-H |
| ) | |
| MARTY C. ANDERSON, Warden, ) | |
| United States Medical Center, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Counsel for petitioner filed a Motion to Withdraw. Thereafter, petitioner was granted an opportunity to file a pro se traverse.

As grounds for relief in habeas corpus, petitioner alleges that his due process rights have been violated regarding disciplinary action taken against him while assigned to the Federal Prison Camp ["FPC"] in Pollock, Louisiana. He contends that he was not in possession of a cell phone at Pollock, that he did not dial any of the numbers on the phone, and that another inmate, Dwayne Marshall, admitted to ownership of the cell phone. It is petitioner's position that he wanted to call Marshall as a witness, but that the DHO stated that Marshall had refused to make any comments.

Later, when petitioner talked to Marshall, he said that he never told the DHO that he would not make any comments. Petitioner requests that the incident report be expunged, that his good time credit be restored, and that the Public Safety Factor should be removed.

In the traverse, petitioner asserts that only an hour and 45 minutes elapsed from the time he received the written incident report until he was seen by the Unit Disciplinary Committee and then the DHO, who handed down a final decision in the matter. It is his position that the did not receive 24-hour written notice of the charges against him, and was not offered a staff representative. Therefore, he had no ability to investigate the alleged incident.

A review of the record indicates that petitioner was issued an incident report for Use of the Telephone for Abuses Other Than Criminal Activity (Circumventing Telephone Monitoring Procedures) because correctional staff at Pollock discovered that he had been using a cell phone to call his family and that cell phones could not be monitored at that facility.

Respondent asserts that, under the standard enunciated in Superintendent, M.C.I. Walpole v. Hill, 472 U.S. 445 (1985), the due process requirements were satisfied in this case because there was sufficient evidence for the Disciplinary Hearing Officer ["DHO"] to determine that petitioner committed the prohibited acts.

Additionally, respondent contends that petitioner was provided with all of the required due process procedures as enunciated in Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). Specifically, respondent submits that petitioner received advanced written notice of the claimed violation, a written statement of the evidence relied upon, the findings, and the reasons for the disciplinary action taken. Respondent contends that, although petitioner was afforded the opportunity to call witnesses and have a staff representative at the hearing, he declined.

The specific evidence relied upon by the DHO included: the fact that a cell phone found in

the possession of inmate Marshall during a shakedown at FPC, Pollock on November 24, 2007 contained telephone numbers that were on petitioner's approved telephone list; the cell phone indicated that the calls were made to and from the cell phone to telephone numbers that were only on petitioner's approved telephone list; during the investigation, petitioner stated that he gave the telephone numbers to inmate Marshall so arrangements could be made to have their families travel together for visits; petitioner was involved in making unmonitored telephone calls to the telephone numbers in question on Marshall's cell phone while he was confined at Pollock; and petitioner has a past disciplinary history for telephone abuse while confined in Bureau of Prisons custody.

Having fully reviewed the record, the Court finds that the standard set forth in Hill has been met in this case. The law clearly and unequivocally requires, in a prison disciplinary hearing, that the findings of the hearing officer must be supported by "some evidence" in the record. 472 U.S. at 455-56. Determining whether this standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id.; See also Louis v. Department of Correctional Servs. of Nebraska, 437 F.3d 697, 701 (8th Cir. 2006). Federal courts cannot retry every prison disciplinary dispute; rather the Court may act only where the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion. Smith v. Rabalais, 59 F.2d 539, 543 (5th Cir. 1981), cert. denied, 455 U.S. 992 (1982).

The Court finds that the evidence relied upon by the DHO to find the conduct violation delineated herein satisfies the Hill standard. The DHO rejected petitioner's explanation regarding the charges against him, and relied, instead, on the telephone records from the cell phone, the telephone number list for petitioner, and the account from the reporting officer who

found the cell phone.  The DHO found that petitioner was not credible because he gave two different accounts regarding the telephone numbers, plus he has a history of telephone abuse.

Based on the Court's narrow review of internal prison affairs, it is clear in this case that there is some evidence to support the finding of a conduct violation by petitioner.

Further, the Court finds that there is no evidence to support petitioner's assertions that he was not afforded his due process rights according to the guidelines established in Wolff. Rather, the record indicates that he received notice of the charges against him; that he had the opportunity to call witnesses on his own behalf, which he declined to do; and that he declined to have a staff representative.  Although petitioner complains that the written notice of the incident report was received only a short time before the hearing, a review of the record indicates that he stated he was ready to proceed at the hearing, and indicated that he understood his rights before the DHO.  Further, petitioner did not allege that he was in any way prejudiced by only receiving the written report a few hours before the hearing, plus the fact that the incident had occurred two days before suggests that he was aware of the investigation.  Additionally, the fact that he declined to call witnesses or utilize a staff representative suggests that he was prepared to proceed at the time of the hearing.  His claim that he wanted to call inmate Marshall is contradicted by the record in this case, in which the DHO stated that petitioner requested no witnesses.  Because petitioner's contentions are without merit, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw.  Because there are no issues presented for which relief is appropriate, the motion is granted.[1]

---

[1] Petitioner has 10 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

    /s/ James C. England
   JAMES C. ENGLAND, CHIEF
   UNITED STATES MAGISTRATE JUDGE

Date:   1/26/09